## RASH v. SHOWER BROS. CO.

(Circuit Court of Appeals, Third Circuit. May 3, 1923.)

No. 2948.

1. **Compromise and settlement ⬤⇒17(1)—Concludes prior agreements and defenses.**

In an action for merchandise sold and delivered under written contracts, where the affidavit of defense admits the contracts and deliveries thereunder, and pleads a settlement and further agreement made after partial deliveries, allegations of breaches, prior to such settlement, of oral agreements made at the time of the execution of the written contracts state no defense.

2. **Evidence ⬤⇒441(1), 445(1·)—Parol agreements affecting written contracts.**

Oral agreements made before or at the time of the execution of a written contract are merged in such contract, but it may be altered or modified by subsequent parol agreements.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action at law by the Shower Bros. Company against Hyman Rash. Judgment for plaintiff, and defendant brings error. Affirmed.

Harry Felix, B. A. Illoway, and James Yearsley, all of Philadelphia, Pa., for plaintiff in error.

George Hart, of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The judgment brought here by this writ of error was entered for the plaintiff, under the Practice Act of Pennsylvania (Pa. St. 1920, § 17197), for that part of its claim which the court found the defendant, in his affidavit of defense, had admitted to be due.

On a motion for judgment for want of a sufficient affidavit of defense, the facts, so far as they are sufficiently averred, are accepted as true; those insufficiently averred are disregarded; and judgment is refused or awarded according as the averments answer or fail to answer the statement of claim. The affidavit of defense in this case seems to contain averments of both kinds and the task devolved upon the trial judge—and now falls upon us—to separate them and discover what part of the plaintiff's claim, if any, remains unanswered and, therefore, is admitted.

By two contracts in writing, in the form of orders and acceptances, the plaintiff sold to the defendant described merchandise in named quantities at agreed prices. Merchandise was delivered f. o. b. factory in the sum of $21,930.00; payments were made in sums aggregating $11,179.20; and on default by the defendant the plaintiff brought this action to recover the balance of $10,750.80. This is the plaintiff's case.

The defendant, in his affidavit of defense, admits these facts but avers that the writings purporting to be the contracts do not contain

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

all the parties had agreed upon; that the plaintiff agreed orally that no one other than the defendant should be permitted to job similar merchandise in Philadelphia for a period of six months after delivery; that the prices named were only tentative and were intended to vary with market fluctuations; that no other jobber in the vicinity should be allowed a greater discount on purchases of the same merchandise; and that these terms, entered into concurrently with the written contracts, were omitted through mistake.

The defendant further avers that the plaintiff violated these oral terms but upon threat of cancellation of the contracts, it promised to mend its ways; that again the plaintiff violated them; that, after correspondence and personal interviews, the parties agreed, "for the purpose of closing the matter without litigation," that the plaintiff should not sell merchandise of like pattern to anyone in Philadelphia at a price less than the gross price at which it sold to the defendant, and that the defendant should settle his account with the plaintiff—on terms different from those of the contracts—by giving his notes aggregating $7,684.80, leaving open the sum of $3,066.00 covering items for which invoices had not been received and deliveries had not been completed; and that, on these new terms, the defendant gave the notes and the plaintiff resumed shipments.

The defendant further avers that the plaintiff violated this last agreement and, therefore, he demands deductions in price based on the difference between the discount allowed him and that allowed others and on freight allowed others and not allowed him, covering not merely the transactions following the settlement of previous disputes but all transactions from the beginning of the contracts. In addition to this specific demand for price deductions he claims damages to his merchandise on hand and to his trade resulting from competition which the plaintiff brought about by failing to keep its last promise. In conclusion the defendant, denying any indebtedness to the plaintiff, makes out a counterclaim of $17,361.20, disclosing an overpayment of $6,610.40 for which he proposes at the trial to ask a certificate in his favor. This is the defendant's case.

[1, 2] The defendant maintains very earnestly that he has pleaded a defense which in dollars more than covers the plaintiff's claim and that, in consequence, his case is not one on which summary judgment under the Pennsylvania Practice Act can be entered against him for any amount but is one properly to be submitted to a jury. Moreover, he asserts the right to go back to the beginning and enforce, as bases for price deductions and damages, oral agreements which he claims were made when the contracts were entered into. But the trouble with the theory of this defense is that it wholly ignores the settlement of differences, arising out of these alleged oral agreements, which the parties made midway the running of the contracts, and ignores as well the rule of law as affecting the omission of oral agreements from written contracts. Oral agreements which the parties may have made before or at the time of the execution of the written contracts are regarded by the law to be merged in the writing. Therefore the

·defense predicated on the plaintiff's breach of concurrent oral agreements is not, in law, a sufficient answer to the plaintiff's claim. "But ·oral agreements subsequently made, * * * and before the breach of the contract, in cases falling within the general rules of the common law, and not within the statute of frauds, stand upon a different footing," said the Supreme Court in Emerson v. Slater, 22 How. 28, 16 L. Ed. 360. "Such * * * oral contracts, not falling within :the exception mentioned, may have the effect to enlarge the time of performance specified in the contract, or may vary any other of its terms, or may waive and discharge it altogether." Huebel v. Leaper, 188 Fed. 769, 772, 110 C. C. A. 475; American Fire Ins. Co. ·v. King Lumber Co., 250 U. S. 2, 39 Sup. Ct. 431, 63 L. Ed. 810; American Fine Arts Co. v. Simon, 140 Fed. 529, 72 C. C. A. 45; Teal v. Bilby, 123 U. S. 572, 8 Sup. Ct. 239, 31 L. Ed. 263.

Under this law that part of the defense, setting up oral promises made by the plaintiff after the execution of the written contracts, is submissible to a jury if based on a sufficient consideration and supported by adequate evidence. This change in the contracts and the accompanying settlement of all antecedent disputes became facts on which a valid defense can be made—and they are facts at which such a defense starts. Therefore, we concur with the learned trial judge in his several conclusions, namely, that the defendant has pleaded no fact basis for a counterclaim for damages beyond a reduction in price; that he has not shown a valid claim for price reduction prior to the settlement; that by valid averments he has shown, since the settlement and under its terms, non-deliveries amounting to $936.00; differences in discounts on competitive sales amounting to $1,226.85; and differences in freight amounting to $1,980.00. Summary judgment cannot be entered for these sums. Deducting these items from the amount ·claimed by the plaintiff, there remains a balance of $6,707.95 (as calculated by the learned trial judge or $6,607.95 as calculated by us) which the defendant has not answered and which, therefore, he must be held to have admitted. For this admitted part of the plaintiff's ·claim summary judgment was entered, and we think properly so.

The judgment below is affirmed.